RECEIVED
APR 2 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| STEVEN MCLELLAND | CIVIL ACTION NO. 06-358-P |
| VERSUS | JUDGE STAGG |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Steven McLelland ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on February 27, 2006. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court convictions and sentences. Petitioner names the State of Louisiana as respondent.

On November 19, 2002, Petitioner was convicted of seven counts of attempted aggravated rape and 73 counts of aggravated incest in Louisiana's Second Judicial District Court, Parish of Claiborne. Subsequently, he was sentenced to a total of 40 years imprisonment.

In support of this petition, Petitioner alleges (1) the trial judge breached the plea agreement, (2) his guilty pleas are not supported by a factual basis, (3) he was sentenced for

H:\PRO SE\2254\RX\McLelland.4-06.wpd

a crime for which he was not convicted, and (4) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted and sentenced on November 19, 2002. He did not seek direct review of his convictions and sentences. Therefore, Petitioner's one-year period began on December 19, 2002, when his time limit for seeking a direct appeal expired. See La. C.Cr.P. art. 914.

The federal petition currently before the Court was filed in this Court on February 27, 2006 and mailed on February 24, 2006. Since the federal clock began ticking on December 19, 2002, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before December 19, 2003. This petition was not filed until February 2006 at the earliest, more than two years too late.

In addition, the post-conviction proceedings initiated by Petitioner in October 2004 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied relief on February 10, 2006. State ex rel. McLelland v. State,

2005-1364 (La. 2/10/06), 2006 WL 988493. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the application for post-conviction relief until October 2004, after the limitation period had already expired in December 2003.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 24 day of April 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE